CAMPBELL, Judge.
Appellant, a 17-year-old, was convicted of burglary of a dwelling, burglary of a structure, and two counts of grand larceny. The transcript of the sentencing hearing clearly reflects that the trial judge sentenced appellant as a youthful offender pursuant to section 958.05(2), Florida Statutes (1979). Appellant was orally sentenced to six years for the burglary of a dwelling and five years on each of the remaining counts. The five year sentences were to be served concurrently with the six year sentence. The trial judge further stated that, “[t]he maximum you will serve will be four years under the law.” The written judgment and sentence tracks the oral sentence except that it does not provide that the maximum term of imprisonment was to be four years. The appellant contends that because of this omission his sentence was improper. We agree.
Section 958.05(2) provides that where a person is classified as a youthful offender, he may not be committed to the Department of Corrections for more than six years. The appellant’s sentence complies with this requirement. However, that statute further demands that the sentence specify the following:
A period of not more than the first four years to be served by imprisonment and a period of not more than two years to be served in a community control program.
*1007 The written sentence imposed by the trial court does not indicate how long appellant is to be imprisoned, and neither the oral nor the written sentence specifies how long he must serve in a community control program. Therefore, the sentence fails to satisfy the requirements of section 958.05(2) and must be vacated. The case is remanded for the entry of a corrected sentence, but, in all other respects, appellant’s conviction is affirmed.
SCHEB, C. J., and GRIMES, J., concur.